WILLIAM JOHNSON *vs.* GEORGE SHERWIN.

The reasons given by a wife, on the day after her return to her father's house, for leaving her husband, are inadmissible in evidence in an action brought by the father against the husband, for necessaries supplied to the wife.

ACTION OF CONTRACT for board, clothing and other necessaries supplied the defendant's wife, the plaintiff's daughter.

At the trial in the court of common pleas, the plaintiff introduced evidence tending to prove that the defendant ill treated his wife, while they lived together, and did not supply her with necessaries, and authorized her to go home to her father's house, and that the supplies in question were furnished by his authority and with his consent. The plaintiff also offered evidence of the reasons assigned by the wife to her father's family, on the day after she returned to her father's house, for leaving her husband. *Mellen*, J. admitted all such declarations made by the wife on the day of her return home, but rejected such as were made on the day following. A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*W. Brigham,* for the plaintiff, cited *Allen* v. *Duncan,* 11 Pick. 308; *Thorndike* v. *Boston,* 1 Met. 242; *Kilburn* v. *Bennett,* 3 Met. 199; *Jacobs* v. *Whitcomb,* 10 Cush. 255; *Hadley* v. *Carter,* 8 N. H. 40; *Boyden* v. *Burke,* 14 How. 575; *Aveson* v. *Kinnaird,* 6 East, 188; *Hoare* v. *Allen,* 3 Esp. R. 276.

*I. W. Richardson,* for the defendant, was stopped by the court.

SHAW, C. J.   The only ground on which the plaintiff could claim to recover for the support of his daughter, the wife of the defendant, was that he had compelled her, by his neglect and misconduct, to leave his place of abode; and that in such case the law holds the husband liable for necessary supplies, to any person who, at her request, supplies them, without or against the husband's consent.   Upon this principle the case was tried.

The reasons given by the wife for leaving her husband's house, not under oath, and she not a competent witness against her husband, could only be given in evidence as *res gestæ,* as connected with and part of the act of leaving her husband's house, and to this extent they were admitted.

*Exceptions overruled.*